opinion of the court
Allan Dixon, J.
A written decision was rendered in this matter on August 30,1982 and the attorney for the petitioner submitted an order on September 14, 1982, which was signed on September 15,1982. The respondent had appeared pro se at the hearings that resulted in the decision and order. On September 28,1982, attorney for the respondent appeared with an order to show cause requesting that arguments be heard on why the decision and judgment of this court should not be set aside, insofar as it awarded $2,058.26 in arrears on support payments.
Counsel for the petitioner argued that any motion to set aside the decision of this court pursuant to CPLR 4404 (subd [b]) is untimely. His rationale is that since CPLR 4405 requires that a motion shall be made “within fifteen days after decision” and the decision was rendered on August 30, 1982 and respondent’s motion was not made until September 28, 1982; it must be considered untimely.
Respondent counters by saying that his request is not untimely in that since CPLR 4404 (subd [b]) deals with the “entry” of a decision or judgment, his time to make such a *119 motion does not start to run until the order was signed and entered by the court. As that did not occur until September 15, 1982, respondent contends that this makes his motion timely.
The court agrees with the respondent on this issue. Although the court has always treated the signing of written orders as mere ministerial acts when dealing with the obligations ordered by the court after hearings, dealing with the rights that flow after a decision, requires a different test. Section 1113 of the Family Court Act which deals with the timeliness of appeals states “[a]n appeal under this article [article 11] must be taken no later than thirty days after the entry and service of any order from which the appeal is taken.” Key to this section is the timing of an appeal. The time commences only after “entry and service”. Similarly, CPLR 4404 deals with the motion to set aside being made after its decision or any judgment entered thereon. Reading this in terms of the sequence of events herein, although the decision was made on August 30,1982, it was not actually entered until the order, which the decision directed be submitted, was signed on September 15, 1982. It was entered on that same day.
Using the logic that the decision was not entered until the order itself was signed and entered, leads this court to the conclusion that the respondent’s motion is timely.
Having found that the respondent’s motion was made within the statutorily required time limit, the court must turn to the merits of the request. Respondent’s affidavit requests not only that the decision and order be set aside, but that the court make new finding of facts and conclusions of law to the effect that he has properly discharged his obligation of support under the order of July 12, 1977 and that such a finding be made without taking additional testimony.
Petitioner counters by stating “even if timely made, the purported grounds for the motion are insufficient to justify granting the same.” The court agrees with the bulk of petitioner’s arguments on this issue. Review of the proceedings of the hearings clearly indicates that respondent was made fully aware of his right to counsel and chose to *120 proceed on his own. The one point in respondent’s favor, however, has to do with the amount of support he has provided his children over and above the court ordered sum. Although respondent made some reference to these extras, the court was unaware of the amount. It is the type of evidence which petitioner should be allowed to examine in more than just affidavit form.
Therefore, the court grants respondent’s motion, but only insofar as an additional hearing may be held so as to present any new evidence which respondent feels he did not present at the initial hearing. The order of this court is continued in full force and effect until a final decision is made following such a hearing.